# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| MICHELLE R. DYER, on behalf of All Beneficiaries, <br><br> *Plaintiff* <br><br> v. <br><br> CROWLEY LOGISTICS, INC.; CROWLEY LINER SERVICES, INC.; MAG TRANSPORTATION LLC; WBTL LLC; and KEVIN E. DIXON; <br><br> *Defendants.* | Civil Action No. 22-3246 <br><br> (Removal from: The Twenty-Fifth Judicial Circuit Court, Pulaski County, Missouri) |

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. § 1442(a), and with full reservation of defenses, Defendant Crowley Logistics, Inc. ("CLI") submits this Notice of Removal under the federal officer removal statute.

## INTRODUCTION

1. On July 20, 2022, MICHELLE R. DYER, on behalf of All Beneficiaries of decedent, Ashleigh Fulgham ("Plaintiff") filed in the Twenty-Fifth Judicial Circuit Court of Pulaski County, Missouri (the "State Court") a Third-Amended Petition in an action styled *Michelle R. Dyer, et al. v. Crowley Logistics, Inc., et al.* (the "Action"). The Action was designated for identification at the State Court level as Civil Action No. 21PU-CV00881.

2. In the Action, plaintiff seeks damages from all defendants for the death of decedent, a passenger in a truck hauling government cargo from Georgia to Ft. Leonard Wood in Missouri. The truck allegedly rolled over during transit in Pulaski County, Missouri.

3. CLI was served with the Third-Amended Petition ("Petition") on August 23, 2022. A true and accurate copy of the Petition, along with a copy of all process, pleadings, and orders served upon CLI, are submitted herewith as *Exhibit A*.

4. The Petition identifies that CLI is and was a defense contractor and provides details of CLI's relationship with the United States Department of Defense with respect to the transportation of government freight involved in the Action. *See Exhibit A, Petition, ¶¶ 9, 11-12, 43-51*.

5. This Notice of Removal is filed within thirty days of receipt of the Petition by CLI, in accordance with 28 U.S.C. § 1446(b)(1).

6. Venue of this action is proper in this court pursuant to 28 U.S.C. § 1442(a), as this court is the "district court of the United States for the district and division embracing the place wherein it is pending…."

## JURISDICTION

7. The federal officer removal statute, 28 U.S.C. § 1442(a)(1), provides the basis for removal of this civil action because CLI was an entity acting under an officer of the United States and acting under the color of such office at all material times.

8. The United States Supreme Court has mandated that the federal officer removal statute be "liberally construed." *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 147 (2007); *accord Jacks*, *v. Meridian Resource Co. LLC*, 701 F.3d 1224, 1230 (8th Cir. 2012); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (concluding that there is "a clear command from both Congress and the Supreme Court that when federal officers and their agents are seeking a federal forum, we are to interpret section 1442 broadly in favor of removal").

9. "Federal officer removal constitutes an exception to the general removal rule under

28 U.S.C. § 1441 and § 1446 which require all defendants to join in the removal petition." *Akin v. Ashland Chemical Co*., 156 F.3d 1030, 1034 (10th Cir. 1998).

## GROUNDS FOR REMOVAL

10. A party seeking federal officer removal must show: "(1) a defendant has acted under the direction of a federal officer, (2) there was a causal connection between the defendant's actions and the official authority, (3) the defendant has a colorable federal defense to the plaintiff's claims, and (4) the defendant is a 'person,' within the meaning of the statute." *Jacks*, 701 F.3d at 1230 (citing *Dahl v. R.J. Reynolds Tobacco Co.,* 478 F.3d 965, 967 n.2 (8th Cir. 2007)).

### I. CLI "acted under the direction of a federal officer."

11. Private entities are "acting under" a federal officer when "the relationship between the contractor and the Government is an unusually close one involving detailed regulation, monitoring, or supervision." *Jacks*, 701 F.3d at 1231 (citing *Watson*, 551 U.S. at 153). The prong is met where the private contractor is performing a "job that, in the absence of a contract with a private firm, the Government itself would have had to perform." *Id*. (citing Watson, 551 U.S. at 153–54); see also *Bennett v. MIS Corp*., 607 F.3d 1076, 1088 (6th Cir. 2010) (finding party acting under federal officer where, if not for the contract with the company, the government "itself would have had to perform" the task).

12. As identified by plaintiff in the Petition, CLI was at all material times acting under the direction of a federal officer, and more specifically the United States Department of Defense ("DOD") and the United States Department of Homeland Security, United States Transportation Command ("USTRANSCOM") related to plaintiff's claims and allegations. ***Exhibit A**, Petition, ¶¶ 9, 11-12, 43-51*. The DOD and USTRANSCOM hired CLI for surface transportation of government freight throughout the United States. ***Exhibit A**, ¶ 11-12*.

## II. There was a causal connection between the CLI's actions and its official authority.

13. CLI satisfies the "low hurdle" of this prong, which requires only that the acts underlying the claim "occurred while" the defendant "performed its duties under the direction of a federal officer or agency." *Isaacson v. Dow Chemical Co.*, 517 F.3d 129, 137 (2d Cir. 2008); see also *Jacks*, 701 F.3d at 1230 n.3 (noting "the acts that form the predicate of Jacks' petition unquestionably occurred while [defendant] performed its duties under the direction of a federal officer or agency" because defendant only took its actions because of the plan); *Hovsepian v. Crane Co.*, Case No. 4:16-CV-414, 2016 WL 4158891 at *5 (E.D. Mo. Aug. 5, 2016) (denying remand of claims against manufacturer for production of products containing asbestos at direction of the Navy); *State of Maryland v. Soper*, 270 U.S. 9, 33 (1926) ("[T]he statute does not require that the prosecution must be for the very acts which the officer admits to have been done by him under federal authority. It is enough that his acts or his presence at the place in performance of his official duty constitute the basis, though mistaken or false, of the state prosecution.").

14. As plaintiff alleged in the Petition, here "[t]he United States Government wanted a load of military 'meals, ready-to-eat' ('MRE's') delivered to be delivered [sic] to the United States Army at Fort Leonard Wood, Missouri on or about May 27, 2021…." CLI had a contract to arrange for transportation of the MRE's. ***Exhibit A***, *¶ 50-51*. CLI's sole relationship to the Petition relates to CLI's brokering transportation of the MRE's pursuant to its official authority under its contract with the DOD and USTRANSCOM.

## III. CLI has a colorable federal defense to the plaintiff's claims.

15. CLI has a "colorable federal defense to the plaintiff's claims" as a federally-licensed broker of transportation services. *See **Exhibit A**, ¶ 23*. Because one of the purposes of federal officer removal is to provide a federal forum for federal defenses, the Eighth Circuit is

20216336.v1
Case 6:22-cv-03246-SRB   Document 2   Filed 09/22/22   Page 4 of 10

clear it "do[es] not require that these defenses be clearly sustainable in order to support removal…." *Jacks* at 1235 ("The officer need not win his case before he can have it removed." (citing *Willingham v. Morgan*, 395 U.S. 402, 406–07 (1969)).

16. Plaintiff's causes of action against CLI include allegations that CLI negligently hired or selected the motor carrier involved in the transportation of the MRE's (**Exhibit A**, ¶ 92 and Count VII, ¶¶ 156-167), and state law claims under the doctrine of *respondeat superior* (Exhibit A, Count V, ¶¶ 140-144) and joint enterprise (**Exhibit A**, Count VIII, ¶¶ 168-176).

17. The Federal Aviation Administration Authorization Act of 1994 ("FAAAA") provides that a state "may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). In *Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849 (2009), the Court identified that the "purpose of the Federal Aviation Administration Authorization Act (FAAAA) was to equalize competition between air and motor carriers of property by uniformly preempting state economic regulation of their activities, but not preempting state safety regulations." (quoting *Tow Operators Working to Protect Their Right to Operate on the Streets of Kansas City v. City of Kansas City, Mo.*, 338 F.3d 873 (8th Cir. 2003)).

18. In *Volkova v. C.H. Robinson*, 2018 WL 741441 (N.D. Ill. 2018), the court held that plaintiff's personal injury claims went to the core business of the broker defendant in hiring motor carriers. The court found that "in alleging that [broker defendant] Robinson has failed to adequately and properly perform its primary service, the negligent hiring claim directly implicates how Robinson performs its central function of hiring motor carriers, which involves the transportation of property. Therefore, because enforcement of the claim would have a significant

economic impact on the services Robinson provides, it is preempted." *Id.* That court further noted that plaintiff had direct claims against the carrier and driver and was therefore not left without a remedy.

19. Like *Volkova*, CLI merely provided broker services here. Therefore, pursuant to the FAAAA, CLI has a colorable federal defense to plaintiff's claims.

20. In addition to preemption under the FAAAA, CLI is entitled to seek application of the government contractor defense. The government contractor defense applies when "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988); see also *Jacks* at 1235. The defense protects from "tort liability that arises as a result of the contractor's 'compliance with the specifications of a federal government contract.'" *Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011). A contractor may not be held liable under state law for executing the will of Congress. *See Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18, 20 (1940); see also *Arnhold v. McDonnell Douglas Corp.*, 992 S.W.2d 346, 348 (Mo. App. 1999) (applying preemption effect to claim for property damage allegedly caused by negligence of military aircraft manufacturer and noting that *Boyle* held "where (1) a 'uniquely federal' interest is involved and (2) a significant conflict exists between an identifiable federal policy or interest and the operation of state law, then state law is preempted and replaced by federal law prescribed by the courts, 'federal common law.'").

21. In *Arnhold v. McDonnell Douglas Corp.*, plaintiff sued a defense contractor for damage to his property that allegedly resulted from test flights of supersonic aircraft. He alleged that the contractor was negligent in operating aircraft due to sonic booms that damaged his

property. The defense contractor moved for summary judgment based on the government contractor defense, arguing that it was entitled to an extension of federal immunity from state law claims due to its contract with the federal government. The trial court granted the motion and the appellate court affirmed. "The *Boyle* Court concluded the federal interests in procurement contracts were essentially the same as the federal interest in the performance contract at issue in *Yearsley*." 992 S.W.2d at 348. As the appellate court noted, "[i]t would be illogical to limit the availability of the defense solely to product liability claims arising out of purely procurement aspects of government contracts." *Id*. at 349.

22. In *Hudgens v. Bell Helicopter/Textron*, 328 F.3d 1329 (11th Cir. 2003), plaintiff pursued negligence claims against a helicopter maintenance contractor when U.S. Army pilots were injured in a crash. The Court held that although *Boyle* referred specifically to procurement contracts, the analysis it requires is not designed to promote all-or-nothing rules regarding different classes of contract. Rather, the question is whether subjecting a contractor to liability under state tort law would create a significant conflict with a unique federal interest.

23. Here, any state law claims against CLI are preempted, as CLI's contract with the DOD and USTRANSCOM has a uniquely federal interest of providing transportation services to support the federal government.

24. As demonstrated in plaintiff's Third Amended Petition, providing MRE's to the U.S. Army base is a uniquely federal interest, as the transportation of the subject cargo involved the supply of rations to the United States military - a "job that, in the absence of a contract with a private firm, the Government itself would have had to perform." *Jacks*, 701 F.3d at 1231.. As the United States Supreme Court recognized in *Boyle*:

> We think the reasons for considering these closely related areas to be of "uniquely federal" interest apply as well to the civil liabilities arising out of

the performance of federal procurement contracts. We have come close to holding as much. In *Yearsley* v. *W. A. Ross Construction Co.,* 309 U.S. 18 (1940), we rejected an attempt by a landowner to hold a construction contractor liable under state law for the erosion of 95 acres caused by the contractor's work in constructing dikes for the Government. We said that "if [the] authority to carry out the project was validly conferred, that is, if what was done was within the constitutional power of Congress, there is no liability on the part of the contractor for executing its will." *Id.,* at 20-21. The federal interest justifying this holding surely exists as much in procurement contracts as in performance contracts; we see no basis for a distinction.

487 U.S. at 505-506.

25. Further, there is a significant conflict between federal and state law such that removal is appropriate. As the court held in *Boyle*:

> The present case does not involve an obligation to the United States under its contract, but rather liability to third persons. That liability may be styled one in tort, but it arises out of performance of the contract — and traditionally has been regarded as sufficiently related to the contract….
>
> * * *
>
> Another area that we have found to be of peculiarly federal concern, warranting the displacement of state law, is the civil liability of federal officials for actions taken in the course of their duty. We have held in many contexts that the scope of that liability is controlled by federal law. The present case involves an independent contractor performing its obligation under a procurement contract, rather than an official performing his duty as a federal employee, but there is obviously implicated the same interest in getting the Government's work done.

*Id*. *Boyle* held that "…the enforcement of state tort law against military contractors must be preempted inasmuch as its operation would interfere with the exercise of discretion by government officials charged with making these sensitive policy judgments." 328 F.3d at 1334.

26. Here, CLI's transportation and logistics protocols pursuant to its contract with the federal government conflict with plaintiff's state law claims identified in the Petition.

> We would be exceedingly hard-pressed to conclude that the unique federal interest recognized in *Boyle*, as well as the potential for significant conflict with state law, are not likewise manifest in the present case. The formulation of design specifications and the articulation of maintenance protocols

involve the exercise of the very same discretion to decide how a military fleet of airworthy craft will be readied. Holding a contractor liable under state law for conscientiously maintaining military aircraft according to specified procedures would threaten government officials' discretion in precisely the same manner as holding contractors liable for departing from design specifications.

*Id*.

### IV. CLI is a 'person,' within the meaning of the statute.

27. CLI is and was a "person" within the meaning of the statute, as "the 'person' contemplated by the federal officer removal statute includes corporations." *Jacks*, 701 F.3d at 1230 n.3 (citing *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 152–53 (2007)). As plaintiff alleges, CLI is a corporation. ***Exhibit A***, *¶ 6*.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

28. CLI has satisfied all the procedural requirements for removal under 28 U.S.C. § 1446, and the Western District of Missouri Local Rules.

29. A copy of all process, pleadings, and other documents served on CLI in the state court matter, including plaintiff's Petition, is attached hereto as ***Exhibit A***.

30. CLI certifies that, on the date of filing of this Notice of Removal, it filed a notice of that filing in the state court matter, and the notice of filing attached a true and accurate copy of this Notice of Removal as an exhibit. A copy of the notice of filing, without its attachments, is attached hereto as ***Exhibit B***.

31. A copy of Civil Cover Sheet is attached hereto as ***Exhibit C***.

## CONCLUSION

WHEREFORE, Crowley Logistics, Inc. respectfully requests this matter be removed from the Circuit Court of Pulaski County, Missouri to the United States District Court for the Western

District of Missouri, Southern Division, and for other and further relief this Court deems just and proper.

## JURY TRIAL DEMANDED

SANDBERG PHOENIX & von GONTARD P.C.

By: */s/Timothy B. Niedbalski*
Timothy B. Niedbalski, # 59968
600 Washington Avenue - 15th Floor
St. Louis, MO 63101-1313
314-231-3332
314-241-7604 (Fax)
tniedbalski@sandbergphoenix.com

Attorneys for Crowley Logistics, Inc.

## Certificate of Service

I hereby certify that on this 22nd day of September 2022 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel of record.

*/s/Timothy B. Niedbalski*