# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

MICHELLE R. DYER, on behalf of all )
beneficiaries, )
                                   )
               Plaintiff, )
                                   )
       v. )          Case No. 22-cv-03246-SRB
                                   )
CROWLEY LOGISTICS, INC., et al., )
                                   )
             Defendants. )

## ORDER

Before the Court is Plaintiff Michelle R. Dyer's ("Plaintiff") Motion to Remand to the

Circuit Court of Pulaski County, Missouri, Due to Lack of Subject Matter Jurisdiction.

(Doc. #12.)  For the reasons set forth below, the motion is GRANTED.  This case is

REMANDED to the Circuit Court of Pulaski County, Missouri.  The Clerk of the Court is

directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Pulaski County,

Missouri, as required by 28 U.S.C. § 1447(c).

## I.  FACTUAL BACKGROUND

The following allegations are taken from Plaintiff's Third Amended Complaint.[1]  The

United States Government wanted a load of military meals to be delivered to Fort Leonard

Wood, Missouri, by May 27, 2021.  The United States awarded Defendant Crowley Liner

Services, Inc. ("CLS") and/or Defendant Crowley Logistics, Inc. ("CLI") the contract to serve as

---

[1] Plaintiff filed this pleading in state court as a Third Amended Petition.  Because this case was removed from state court to federal court, the Court refers to the pleading as a complaint pursuant to Federal Rule of Civil Procedure 3. The allegations in the Third Amended Complaint are simplified to the extent possible.

the motor carrier. CLS and CLI are private corporations but have "over 100 years of experience providing transportation services to government agencies." (Doc. #2-1, p. 6.)[2]

CLS and/or CLI and Defendant MAG Transportation, LLC ("MAG") then entered into contractual agreements to provide additional services relating to the delivery of the load. Those services included subcontracts to actually deliver the load and contracting to act as a broker responsible for selecting a safe motor carrier to deliver the load. CLI, CLS, and/or MAG then selected Defendant WBTL LLC ("WBTL") to deliver the load to Fort Leonard Wood. WBTL agreed to pick up the load from Albany, Georgia, on May 26, 2021, and deliver it to Fort Leonard Wood on May 27, 2021.

CLI allegedly agreed to select WBTL even though it had a poor safety record. On two occasions, the United States Department of Transportation ("DOT") involuntarily revoked WBTL's contract carrier operating authority. DOT served WBTL the second revocation notice on May 14, 2021, with a revocation date of June 16, 2021. At the time CLI selected WBTL, both revocations were posted on DOT's website. Plaintiff alleges that CLI "should have known that utilizing WBTL to ship its goods was dangerous and unsafe to the general public." (Doc. #2-1, p. 37.)

WBTL and/or CLI assigned Defendant Kevin Dixon ("Dixon") to pick up and deliver the load. At the time of this assignment, Dixon had twenty-seven criminal convictions. The convictions included speeding, driving while suspended, possession of controlled substances, and improper lane use in a commercial motor vehicle. Based on these convictions, Plaintiff alleges that WBTL and/or CLI negligently selected Dixon to deliver the load.

---

[2] All page numbers refer to the pagination automatically generated by CM/ECF.

2

On May 26, 2021, Dixon picked up the load from Albany, Georgia with a tractor-trailer. Dixon invited and allowed Ashleigh Fulgham ("Fulgham") to ride with him as a passenger. Fulgham was not an employee or agent of any Defendant. On May 27, 2021, Dixon drove the tractor-trailer on Route J in Pulaski County, Missouri. Dixon lost control and ran the tractor-trailer off the right edge of the highway. The tractor-trailer rolled 360 degrees and ejected Fulgham through the roof. Fulgham passed away from the injuries she sustained.

Plaintiff filed this lawsuit in the Circuit Court of Pulaski County, Missouri, on behalf of Fulgham's beneficiaries. Plaintiff asserts wrongful death and related claims against CLS, CLI, MAG, WBTL, and Dixon. Defendant CLI timely removed the case to this Court. CLI's Notice of Removal states this Court has jurisdiction under the federal officer removal statute. *See* 28 U.S.C. § 1442(a)(1). Plaintiff now moves to remand and argues that CLI "failed to meet its burden of proving that subject matter jurisdiction exists." (Doc. #13, p. 6.) CLI opposes the motion, and the parties' arguments are addressed below.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In general, a federal court has original jurisdiction over a case if it (1) arises under the United States Constitution, a federal law, or a federal treaty; or (2) involves citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1331 (providing for federal question jurisdiction); 28 U.S.C. § 1332(a) (providing for diversity jurisdiction).

3

However, "the federal officer removal statute grants independent jurisdictional grounds over cases involving federal officers where a district court otherwise would not have jurisdiction." *Buljic v. Tyson Foods, Inc.*, 22 F.4th 730, 738 (8th Cir. 2021) (citations and quotation marks omitted). Under 28 U.S.C. § 1442(a)(1), a civil lawsuit may be removed if it is brought against "the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office[.]" 28 U.S.C. § 1442(a)(1). "The federal officer removal statute is to be 'liberally construed,' and thus the typical presumption against removal does not apply." *Buljic*, 22 F.4th at 738. The removing party bears the burden of proving the existence of federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## III. DISCUSSION

"When the removing party is not itself a federal officer or agency, it may remove a case only if it shows that it was 'acting under' a federal officer or agency in carrying out the acts that underlie the plaintiff's complaint." *Buljic*, 22 F.4th at 738 (citation omitted). In particular, the removing party must show (1) that it "acted under the direction of a federal officer, (2) there was a causal connection between its actions and the official authority, (3) the defendant has a colorable federal defense to the plaintiff's claims, and (4) the defendant is a person within the meaning of the statute." *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 967 n.2 (8th Cir. 2007); *see also Buljic*, 22 F.4th at 738.

The parties dispute whether CLI has established the first and second elements.[3]  The first element requires "the assistance that private contractors provide federal officers . . . go beyond simple compliance with the law and help officers fulfill other basic governmental tasks."  *Buljic*, 22 F.4th at 738 (cleaned up).  "A private person 'acting under' a federal officer or agency . . . describes a relationship that typically involves subjections, guidance, or control."  *Graves v. 3M Co.*, 17 F.4th 764, 769 (8th Cir. 2021).  To satisfy the second element, the removing party must show "a causal connection between the charged conduct and asserted official authority."  *Id.*

In support of the first element, CLI states that "the United States Secretary of Defense appointed [the United States Transportation Command] ('USTRANSCOM') to direct and supervise the strategic distribution of Freight All Kinds ('FAK') defense cargoes.  Crowley Logistics was awarded a contract to facilitate the movement of FAK pursuant to instructions and specifications from USTRANSCOM."  (Doc. #18, p. 8.)  According to CLI, "[t]here is no facet of the transportation services provided by [CLI] to USTRANSCOM that is not subject to government mandates, requirements, oversight and reporting.  Absent the government's contract with [CLI], the government would have to perform the transportation services for critical military freight on its own[.]"  (Doc. #18, p. 10.)

In support of the second element, CLI argues that its "sole connection with the instant action results from its official authority to arrange for transportation of FAK on behalf of USTRANSCOM."  (Doc. #18, p. 10.)  Specifically, CLI's "sole relationship to the instant action results from its service as a government contractor.  The transportation services that [CLI] provided with respect to the freight carried by Mr. Dixon was only provided pursuant to the

---

[3] The parties also dispute whether CLI has satisfied the third element.  For the reasons discussed below, the Court need not reach that issue.  However, assuming the first two elements were satisfied, the Court agrees with Plaintiff that CLI "failed to establish that it has a colorable federal defense."  (Doc. #13, pp. 9-14; Doc. #19, pp. 5-6.)

5

contract with, and under the supervision and control of, the United States government."
(Doc. #18, pp. 10-11.)[4]

Upon review of the record and the parties' arguments, the Court finds that CLI has failed to satisfy element one or two. Even when the federal government exercises some control over the underlying facts, removal is improper if "the private defendant made the actual decisions that formed the basis of the plaintiff's claims." *Brokaw v. Boeing Co.*, 137 F. Supp. 3d 1082, 1098 (N.D. Ill. 2015). If the plaintiff's claims arise from delivery-related injuries, and if the private company had "discretion in deciding how to get the package to its destination on time," removal is not warranted. *Id.* at 1097-98.

Here, Plaintiff alleges that CLI negligently selected WBTL and/or Dixon to deliver the load despite their poor safety records. CLI has not produced evidence showing that a government contract or official required the selection of WBTL and/or Dixon. CLI has similarly not produced any evidence suggesting that it lacked discretion in selecting WBTL and/or Dixon. The Court agrees with Plaintiff that "there is nothing whatsoever in the record claiming that CLI had no leeway in selecting motor carriers[.]" (Doc. #19, p. 4.) Although the government may have required CLI "to select some motor carrier for this load, there is . . . no evidence in the record that CLI was required to select WBTL." (Doc. #19, p. 4.) Consequently, CLI has failed to establish that it acted under government control when selecting WBTL and/or Dixon. CLI has also failed to establish "a causal connection between the charged conduct and asserted official authority." *Graves*, 17 F.4th at 769.

## IV. CONCLUSION

Accordingly, it is hereby ORDERED that:

---

[4] CLI has submitted a Declaration in support of these assertions.

6

(1) Plaintiff's Motion to Remand to the Circuit Court of Pulaski County, Missouri, Due to Lack of Subject Matter Jurisdiction (Doc. #12) is GRANTED.  This case is hereby REMANDED to the Circuit Court of Pulaski County, Missouri;

(2) Defendant CLS's Motion to Dismiss Plaintiff's Third Amended Petition for Lack of Personal Jurisdiction (Doc. #8), and Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery (Doc. #14) are DENIED WITHOUT PREJUDICE.  If warranted, these motions may be refiled in state court.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated:  November 2, 2022